IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SERVICEPOWER, INC. | * |
| Plaintiff, | * |
| v. | * Civil Case No.: 8:21-cv-02114-SAG |
| SMART MERCHANT, LLC, | * |
| Defendant. | * |

# MEMORANDUM OPINION

Plaintiff ServicePower, Inc. ("Plaintiff") brought this action against Defendant Smart Merchant, LLC ("Defendant"), alleging breach of a certain Preferred Partner Agreement (the "Agreement") the parties entered into on or about May 1, 2019. ECF 1. After Defendant failed to answer or respond to the Complaint, this Court entered a default judgment in favor of Plaintiff on August 17, 2023. ECF 29. Now pending is Defendant's Motion to Set Aside Default Judgment, ECF 35, and Motion to Stay Garnishment, ECF 37. This Court has reviewed these motions, along with the oppositions and reply. ECF 38, 39, 40. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendant's Motion to Set Aside Default Judgment will be GRANTED and its Motion to Stay Garnishment will be DENIED AS MOOT.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This dispute originated in Delaware state court, where Plaintiff filed a complaint on May 17, 2021, for claims arising from the alleged breach of the parties' Agreement. ECF 35-1 at 1. Defendant retained counsel in Delaware, removed the case to Delaware federal court, and moved to dismiss the action for lack of personal jurisdiction. ECF 35-2 (Deegan Aff.) ¶¶ 4–5. Plaintiff

voluntarily dismissed the Delaware action on August 4, 2021 and re-filed the instant action in this Court on August 19, 2021.

Despite having contact with Defendant's counsel in the Delaware case, Plaintiff did not notify counsel about the Maryland action. Instead, Plaintiff first attempted to serve the Complaint and Summons on Defendant's registered agent, Mr. Kevin Deegan, via mail on December 27, 2021, at a residential address of 440 Placid St., Gaithersburg, Maryland (the "Gaithersburg address.").[1] ECF 13 ¶ 4; ECF 13-1 at 64–65. However, Plaintiff did not require a signature upon delivery and no proof exists as to whether Defendant was served on December 27, 2021. ECF 13 ¶ 4; *see* ECF 13-1 at 64–65. Plaintiff next tried to serve Defendant via process server on April 14, 2022, at the Gaithersburg address and at a separate address at 6700 Alexander Bell Dr., #200, Columbia, Maryland (the "Columbia address").[2] ECF 13 ¶¶ 5–6; ECF 13-1 at 67, 69. Both attempts were unsuccessful. Plaintiff attempted to serve Defendant twice more, ECF 13 ¶¶ 7–8; ECF 13-1 at 71, 74, before seeking this Court's authorization for alternative service. ECF 13. On February 17, 2023, this Court granted Plaintiff's motion and authorized service on Defendant by regular mail and/or publication at the Columbia address and by email to Mr. Deegan at kevin@smart-merchant.com. ECF 14. On March 14, 2023, Plaintiff informed the Court in a status letter that it served Defendant via process server, regular mail, and email on February 28, 2023. ECF 16. Plaintiff's process server certified that he personally served an "authorized agent" of Defendant named Jasmine Hickman, *id.* at 3, but Defendant maintains that it never employed an individual by that name, Deegan Aff. ¶ 9. Defendant also explained that the email Plaintiff sent to

---

[1] Mr. Deegan, also the sole member and employee of Smart Merchant, LLC, resided at the Gaithersburg address until early 2022. Deegan Aff. ¶ 8.

[2] Defendant rented office space at the Columbia address until 2020. *Id.* ¶ 7.

kevin@smart-merchant.com went to that email account's junk folder and remained undiscovered until several months later. *Id.* ¶ 15.

With no response from Defendant, Plaintiff subsequently filed a motion for clerk's entry of default. ECF 19. The Clerk entered default and sent the order of default to the Columbia address on May 4, 2023, but the order came back as "Not Deliverable as Addressed Unable to Forward." ECF 20, 22. Plaintiff then moved for default judgment against Defendant on July 31, 2023, seeking reformation of the parties' Agreement and $718,389 in damages arising under the Agreement. ECF 27. As requested by Plaintiff, this Court entered a default judgment against Defendant on August 17, 2023. ECF 29.

On October 3, 2023, the Court issued a writ of garnishment to Defendant's bank account. ECF 34. One week later, Defendant filed the instant motion. ECF 35. In support of that motion, Defendant offered the following explanations for why it never responded to Plaintiff's Complaint: (1) Defendant occupied neither the Columbia nor the Gaithersburg addresses at the times Plaintiff attempted personal service at those locations; (2) Defendant never received Plaintiff's request for entry of default because Plaintiff filed that document through the Court's electronic filing system, and no counsel had entered an appearance on Defendant's behalf to receive it; (3) Defendant never received Plaintiff's motion for default judgment because Plaintiff forwarded a copy of that motion by mail to the Gaithersburg and Columbia addresses, which Defendant did not occupy at the time; (4) its registered agent, Mr. Deegan, did not become aware of this action and the default judgment until August 29, 2023; and (5) in the one instance where Plaintiff served Defendant via email at kevin@smart-merchant.com, the email automatically filtered into a junk email folder because it came from an unknown sender, and it remained undiscovered until September 22, 2023, when Mr. Deegan checked his junk email folder. Deegan Aff. ¶¶ 14–15.  For these reasons, Defendant asserts

3

that it is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(1) because its failure to respond to the Complaint "was due to mistake, inadvertence, surprise or excusable neglect." ECF 35-1 at 9.

## II. LEGAL STANDARD

"[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.* In this regard, Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect, [or] . . . any other reason that justifies relief." *Srivastava v. Kelly Servs., Inc.*, No. 19-cv-03193-LKG, 2021 WL 6883458, at *1 (D. Md. Dec. 21, 2021) (alterations in original).

Rule 60(b) is "to be liberally construed in order to provide relief from onerous consequences of defaults and default judgments," and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may been heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Indeed, the Fourth Circuit has repeatedly expressed a "strong policy" in favor of deciding cases on their merits. *Joe Hand Promotions, Inc. v. Phillips*, No. 1:20-cv-02261-SAG, 2021 WL 2861517, at *2 (D. Md. July 8, 2021) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)); *see also SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Furthermore, the decision to set aside a default judgment under Rule 60(b)(1) lies within the sound discretion of the district court. *See Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

### III. DISCUSSION

**A. Defendant's Motion Meets the Three Threshold Criteria to Set Aside a Default Judgment**

Defendant is eligible for relief under Rule 60(b) because it made a timely motion, has a meritorious defense to the action, and Plaintiff is not unfairly prejudiced by having the default judgment set aside. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "A motion under Rule 60(b) must be made within a reasonable time" and "no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c)(1); *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (explaining that whether a party has been "reasonably prompt" in filing a Rule 60(b) motion "must be gauged in light of the facts and circumstances of each occasion"); *Holland v. Va. Lee Co.*, 188 F.R.D. 241, 248 (W.D. W. Va. 1999) ("Reasonableness . . . is essentially judged by looking to the delay from the time the party is deemed to have notice of the grounds for its Rule 60(b) motion.") (internal quotation marks and citation omitted). Here, Defendant moved for relief within 54 days of the order of default judgment, well within Rule 60(c)(1)'s one-year limit. Defendant also has been reasonably prompt by filing this motion within 42 days of receiving notice of the action and the default judgment. Deegan Aff. ¶ 10; *see, e.g., Srivastava v. Kelly Servs., Inc.*, No. 19-cv-03193-LKG, 2021 WL 6883458, at *2 (D. Md. Dec. 21, 2021) (finding that 36 days was a reasonable period of time for a party to file a Rule 60(b) motion after learning of an order of default judgment). Defendant's motion is thus timely under Rule 60(c)(1).

The Court also finds that Defendant has a meritorious defense to this action. "A party is not required to establish a meritorious defense by a preponderance of the evidence." *Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 252 n.8 (4th Cir. 1974). Rather, "all that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting

5

party." *Moradi*, 673 F.2d at 727 (internal quotation marks omitted); *see also Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default.") (quoting 10 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2697, p. 231 (2d ed. 1983)). Defendant has established the existence of a signed version of the Agreement that appears to contradict and materially alter Defendant's obligations under the unsigned version of the Agreement that forms the basis of Plaintiff's Complaint. *See* ECF 27-6. Defendant has also established that a discrepancy exists regarding the amount of transactions Defendant processed after Plaintiff terminated the Agreement, thus materially affecting the damages Plaintiff sought and has been awarded under the default judgment. *See* ECF 35-1 at 8. This proffered evidence is sufficient at this juncture to show that Defendant has a meritorious defense. *See Moradi*, 673 F.2d at 727.

The Court further finds that Plaintiff will not be unfairly prejudiced by having the default judgment set aside. The Fourth Circuit "perceive[s] no disadvantage to [a plaintiff] beyond that suffered by any party which loses a quick victory," *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812, or beyond those harms that "are the inevitable result whenever a judgment is vacated," *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993) (citation omitted). Plaintiff claims that it "began litigating this dispute in May 2021," ECF 38-1 at 7, but Plaintiff's efforts in a different action filed in a different jurisdiction has no relevance to the instant action in this Court. In fact, this case is in its early stages of litigation, and the only harm Plaintiff will suffer is losing its right to collect on a quick victory. *Compare Srivastava*, 2021 WL 6883458, at *2 (finding no prejudice when the case was in its early stages), *with Home Port Rentals, Inc., v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) (affirming prejudice when, *inter alia*, a key witness had disappeared, and

6

the non-moving party would have difficulty reconstructing its documentary evidence). The Court is thus satisfied that Plaintiff will not be prejudiced by setting aside the default judgment.

## B. Defendant Satisfies the Requirements of Rule 60(b)(1) for Excusable Neglect

The Court is persuaded that Defendant has shown excusable neglect for failing to respond to the Complaint and Plaintiff's motions for default and default judgment. Excusable neglect under Rule 60(b)(1) is "an equitable inquiry, taking account of all relevant circumstances surrounding the party's omission, including . . . the reason for the delay, . . . whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (internal quotation marks omitted) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)). Defendant has established that it did not know of the instant action and the default judgment until August 29, 2023, because it never received service of process or a copy of Plaintiff's electronic filings seeking default judgment. Although Plaintiff completed alternative service via email on February 28, 2023, Defendant was neither aware of this email nor that Plaintiff could effectuate alternative service via email because Plaintiff filed its March 14, 2023, status letter through the Court's electronic filing system and did not separately email it to Defendant's registered agent and sole member, Mr. Deegan.[3]  Furthermore, Defendant explained that it never received the Clerk's order of default because that order had been mailed to Defendant's old Columbia address and came back to the Clerk as "Not Deliverable as Addressed Unable to Forward."

---

[3] Except for the one February 28, 2023, email serving the Complaint and Summons, Plaintiff never tried to use Mr. Deegan's email to correspond with Defendant regarding any of its other filings in this case, including its motion for default and motion for default judgment. Deegan Aff. ¶ 15.

The totality of these circumstances demonstrates that Defendant's neglect was excusable because Defendant's failure to become aware of this lawsuit was through no fault of its own. Plaintiff claims that Defendant "intentionally made itself unavailable" between the dismissal of the Delaware action and the default judgment in this action and failed to inform the Maryland State Department of Assessments and Taxation that its principal office was no longer at the Gaithersburg address. ECF 38-1 at 9–10. Whether Defendant had an obligation to inform a state agency of a change in address bears no relevance to whether Defendant had an obligation to inform this Court or Plaintiff of its change in address for service of process. *See In Re A.H. Robins Co.*, 166 F.3d 1208 (Table), 1998 WL 904717, at *1 (4th Cir. 1998) (finding no excusable neglect when a claimant moved and neglected to inform the claimants' trust or the court of her new address when she was obligated to do so); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) (upholding default judgment where a defendant knew that a suit was pending against it but never informed his attorney nor the court of his whereabouts, drawing a reasonable conclusion that he was deliberately avoiding process). There is also no evidence that Defendant knew Plaintiff was going to refile the case in Maryland after Plaintiff voluntarily dismissed the Delaware action. In fact, Plaintiff never contacted Defendant's Delaware counsel nor called Mr. Deegan to discuss the filing of this action or the subsequent service of process. Deegan Aff. ¶ 6; *see Disney Enters., Inc. v. Delane*, 446 F.Supp.2d 402, 405 (D. Md. 2006) (granting default judgment for a party who properly served a defendant and "repeatedly attempted to send e-mails to him and to contact him by telephone in order to resolve the dispute"). Thus, there is no evidence that would allow this Court to find Defendant deliberately evaded service of process.[4]

---

[4] To the contrary, Mr. Deegan left a forwarding address with the U.S. Postal Service when he moved from his Gaithersburg address in early 2022. Deegan Aff. ¶ 8.

Plaintiff also claims that Mr. Deegan intentionally evaded alternative service by "set[ting] his email filters to reject emails from unknown addresses." ECF 38-1 at 12. The Court, however, declines to impute bad faith on a small business owner who "receive[s] a high volume of email messages daily," and relies on a common filter to sort emails from unknown senders into a junk folder. Deegan Aff. ¶ 3. Instead, the Court finds that Defendant has offered an understandable excuse for failing to check a junk email folder for notice of a lawsuit that it did not know existed. *See Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (finding no excusable neglect on the part of a sizeable insurance company who lost a summons and complaint in its mail room and offered no explanation for the disappearance); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010) (declining to find excusable neglect for a party whose counsel experienced email difficulties and made a "calculated decision" to inform no one of his computer problems and "to deliberately refrain from any attempt to ascertain whether [dispositive] motions were filed on the date he knew they were due"). Defendant has thus satisfied the requirements for relief under Rule 60(b)(1), and the Court will hear this case on its merits. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Set Aside Default Judgment, ECF 35, is granted and Defendant's Motion to Stay Garnishment, ECF 37 is denied as moot. A separate Order follows.

Dated: November 14, 2023                                   /s/
                                                           Stephanie A. Gallagher
                                                           United States District Judge